IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALICE J. COGGIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-CV-106 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

Alice Coggin filed suit seeking a refund of allegedly overpaid federal income taxes for tax years 2001 through 2007. The undisputed facts establish that Ms. Coggin intended to file joint tax returns for the 2002 through 2007 tax years with her husband and that the joint tax returns for those years, filed in 2009 and 2010, were valid. Because a spouse cannot revoke a valid joint return in order to pay a lesser amount pursuant to a separate return filed years later, the defendant is entitled to summary judgment on the claims arising out of those tax years. Ms. Coggin concedes that she is not entitled to a refund for the 2001 tax year and the Court also will grant summary judgment to the defendant on that claim.

I.  **Background**

Alice and Phil Coggin were married until his death in 2011. Mr. Coggin was responsible for family financial matters. On November 25, 2009, Mr. Coggin filed married-filing-jointly tax returns for the 2001 through 2006 tax years on behalf of himself

and Ms. Coggin. *See* Doc. 47-8 (2002–2006 returns); Doc. 47-7 (2001–2006 payment). On August 24, 2010, Mr. Coggin filed a joint tax return for the 2007 tax year. Doc. 47-9. Mr. Coggin signed Ms. Coggin's signatures on the 2002 through 2007 joint tax returns without her knowledge or consent. *See, e.g.*, Doc. 50-2 at 56-57; Doc. 47-2 at 29; Doc. 47-9. Mr. Coggin paid taxes in connection with the filing of the 2001 through 2007 tax returns. Doc. 47-7.[1]

After his death, Ms. Coggin learned that he had signed her name on the 2001 through 2007 joint returns. She thereafter filed married-filing-separately returns for those years and sought a refund of part of the 2001 through 2007 taxes that Mr. Coggin paid.

Additional undisputed facts will be stated as needed to evaluate the issues.

## II. Tax Years 2002-2006

### A. Overview of Claim

In a refund suit, the plaintiff must show that (1) an outstanding tax obligation was paid in full; (2) the amount of the tax obligation that the IRS assessed is incorrect and the correct amount of the tax; (3) she submitted a timely administrative refund claim; and (4) she filed a timely court action for refund. *See generally Flora v. United States*, 362 U.S. 145, 177 (1960) (finding that full payment of the tax was a prerequisite to a refund suit); *Johnson v. United States*, No. 7:13CV78, 2015 WL 4622710, at *2 (E.D.N.C. July 31,

---

[1] It is undisputed that Mr. Coggin paid the full amount of taxes assessed on the married-filing-jointly returns for the 2002 through 2007 tax years but that he did not pay the penalties and interest owed as a result of the late filings. *See* Doc. 48 at 10; Doc. 49 at 7; Doc. 39 at ¶¶ 12, 27, 44, 61, 76, 90, 104.

2

2015), *aff'd* 637 F. App'x 106 (4th Cir. 2016) (per curiam) ("In an action to recover overpayment of tax, the taxpayer bears the burden of proof by a preponderance of the evidence to demonstrate that the determination was incorrect as well as the correct amount of tax, if any"); 26 U.S.C. §§ 6511, 6532, 7422 (West, Westlaw through P.L. 115-193) (providing time limitations and administrative exhaustion requirements).

Ms. Coggin maintains that the 2002–2007 joint returns filed by Mr. Coggin are invalid and that the separate returns she filed later are valid and show the correct amount of tax she owes. She maintains that she is entitled to a refund based on the difference between the taxes assessed and paid by Mr. Coggin when he submitted the joint returns and the taxes assessed in her separate tax returns, which showed a smaller tax due. The defendants contend that the undisputed facts establish that the 2002 through 2007 joint returns are valid and cannot be revoked; as a result, Ms. Coggin cannot establish that the taxes assessed in the separate returns are correct and that she is entitled to a refund based on the difference between the taxes assessed in the joint and separate returns. Ms. Coggin maintains that there is a genuine issue as to whether she intended to file the 2002 through 2007 joint tax returns and that this is a material fact in view of the undisputed forgeries, since absent such intent, those joint returns are invalid. Thus, this case turns on whether the joint tax returns were valid.

**B. Law on Validity**

A husband and wife may elect to file a joint tax return or they may file separately. *See* 26 U.S.C. § 6013(a). Except in circumstances not present here, a valid joint return cannot be revoked. *See United States v. Guy*, 978 F.2d 934, 937 (6th Cir. 1992) (finding

3

that the filing of a valid joint return precludes the filing of a separate return and citing 26 C.F.R. § 1.6013–1 (a)(1)); *Ladden v. Comm'r*, 38 T.C. 530, 534–35 (1962) (finding that joint tax returns are not revocable); 26 C.F.R. § 1.6013–1 (a)(1) (West, Westlaw through July 6, 2018) ("For any taxable year with respect to which a joint return has been filed, separate returns shall not be made by the spouses after the time for filing the return of either has expired.").[2] A refund suit is not a mechanism for revoking a valid joint tax return and substituting an untimely separate return. *See McNeil v. United States*, No. 96-CV-624, 1997 WL 634535, at *3 (N.D. Okla. May 16, 1997) (dismissing refund claims based on untimely separate return filed after valid joint return).

Thus, one spouse cannot file a valid joint return and then, years later, seek to replace that joint return with a separate return. *See id.*; *see also Guy*, 978 F.2d at 938 (allowing the government to recover a refund after finding the refund was erroneous because it was calculated based on a separate return that was filed after a valid joint return). Consistent with this established law, the parties appear to agree that if the joint returns filed by Mr. Coggin were valid, then Ms. Coggin cannot seek to "undo" those returns based on her later-filed separate returns. If, however, the joint returns were not valid, then Ms. Coggin could file valid separate returns.

To be valid, a joint return must be signed, typically by both the husband and wife. *See* 26 U.S.C. § 6061(a) (West, Westlaw through P.L. 115-193) ("any return . . . shall be

---

[2] A husband or wife can revoke a joint return by filing a separate return before the time for filing a return has expired. *See Guy*, 978 F.2d at 937. That is not the case here, where Mr. Coggin filed the joint returns years late and Ms. Coggin filed her separate returns even later.

4

signed"); 26 C.F.R. § 1.6013–1(a)(2) (requiring both the husband and wife to sign the joint return); *Olpin v. Comm'r*, 270 F.3d 1297, 1300 (10th Cir. 2001) (explaining that the Code "clearly states that, in order to be valid, a tax return must be signed"). Generally, an unsigned tax return is invalid. *See, e.g.*, *Lucas v. Pilliod Lumber Co.,* 281 U.S. 245, 249 (1930) (a return unverified by oath did not meet the plain requirements of the statute); *Bachner v. Comm'r,* 81 F.3d 1274, 1280 (3d Cir. 1996) ("[I]nclusion of the taxpayer's signature is a prerequisite to the validity of the tax return."); *accord*, *Brafman v. United States,* 384 F.2d 863, 868 (5th Cir. 1967); *Shea v. Comm'r,* 780 F.2d 561, 568 (6th Cir. 1986).

There is a limited exception to the rule requiring both signatures: when only one spouse signs a joint return, the return is valid if the non-signing spouse intended to file jointly. *See Olpin*, 270 F.3d at 1301 (10th Cir. 2001); *In re Hanesworth,* 936 F.2d 583 (table), 1991 WL 114639, *1–2 (10th Cir. June 26, 1991); *United States v. Barnes*, 509 F. App'x 837, 839–40 (11th Cir. 2012). "The intent to file jointly may be inferred from the acquiescence of the nonsigning spouse." *Crew v. Comm'r*, 44 T.C.M. 1145 (CCH) (T.C. 1982). Thus, "where a husband files a joint return without objection of the wife, who fails to file a separate return, it will be presumed the joint return was filed with the tacit consent of the wife." *Heim v. Comm'r,* 251 F.2d 44, 45 (8th Cir. 1958) (quotation omitted); *accord Malkin v. United States*, 3 F. Supp. 2d 493, 499–500 (D.N.J. 1998).

The parties' intent concerning a joint return is a question of fact. *Jones v. Comm'r*, 327 F.2d 98, 101 (4th Cir. 1964). But summary judgment can be appropriate if there is no genuine factual dispute about intent. *See Barnes*, 509 F. App'x at 839–40

5

(affirming summary judgment against non-signing wife when evidence showed she had a history of relying on her husband to prepare joint returns and handle most financial matters for the couple during their marriage, she believed he would continue the pattern in the tax year at issue, she never objected to the joint return or filed her own return for the year, and the return included her income.)

### C. Discussion of Undisputed Facts

Here, there is no genuine factual dispute about Ms. Coggin's intent. While it is undisputed that Mr. Coggin forged Ms. Coggin's signatures on the 2002 through 2007 joint tax returns without her specific knowledge or consent, *see, e.g.*, Doc. 50-2 at 56-57; Doc. 47-2 at 29; Doc. 47-9, it is also undisputed that she knowingly left all tax matters up to her husband to handle. Ms. Coggin testified that before 2000, "the preparation of the tax returns was [her] husband's responsibility" and Ms. Coggin was "okay" with that arrangement. Doc. 47-2 at 24. She gave her tax documents to her husband for this purpose. Doc. 47-2 at 21, 27. For the year 2000 and later, Ms. Coggin "assumed that [Mr. Coggin] was handling" the taxes and "trusted him to do the right thing." Doc. 47-2 at 25–26. Before 2012, Ms. Coggin never filed a separate tax return and she understood that her husband prepared and filed joint returns on her behalf. Doc. 47-2 at 20–21. Ms. Coggin did not herself file any other tax returns on her income when such returns were due, even though she worked part-time, Doc. 47-2 at 6–7, and she did not file separate tax returns for the 2002 through 2007 tax years until 2012. Doc. 47-2 at 20–21; Doc. 47-11.

These undisputed facts establish as a matter of law that Ms. Coggin intended to file the 2002 through 2007 joint tax returns, *see Heim*, 251 F.2d at 46–47 (finding

6

consent), *Estate of Campbell v. Comm'r*, 56 T.C. 1, 2–3 (1971) (same), and that these returns are valid. *See Barnes*, 509 F. App'x at 839–40 (persuasively holding in unpublished case that joint returns were valid on facts similar to those here).

Ms. Coggin maintains that Mr. Coggin's misrepresentation to her that she did not need to sign the 2001 through 2007 tax returns negates her consent to jointly file based on the innocent spouse exception. Doc. 49 at 14–15. While this misrepresentation is undisputed, it does not create a material issue of fact on her intent.

Courts historically have absolved innocent spouses from paying taxes based on a joint return when the innocent spouse's signature on that return was the product of fraud and the taxes owed were related to that fraud. *See Huelsman v. Comm'r*, 416 F.2d 477, 480–81 (6th Cir. 1969); *Scudder v. Comm'r*, 48 T.C. 36, 40 (1967). Congress subsequently codified this exception to liability. *Comm'r v. Neal*, 557 F.3d 1262, 1264 (11th Cir. 2009) (recognizing codification in 26 U.S.C. § 6015). As historically applied and codified, however, the innocent spouse exception acts only to relieve a spouse of tax liability, not to entitle a spouse to a refund. Ms. Coggin's claim is for a refund, not for relief from tax liability, and she has not identified any case or statute that would entitle her to a refund based on Mr. Coggin's misrepresentation.[3]

### D. Conclusion

Ms. Coggin cannot replace the valid joint returns that Mr. Coggin filed with untimely separate returns that show a smaller tax liability. *See McNeil*, 1997 WL

---

[3] The Court has not evaluated and makes no ruling on whether the innocent spouse exception relieves Ms. Coggin of liability from the defendant's counterclaim for penalties and interest.

634535, at *3 (dismissing refund claims based on separate return filed after valid joint return and after the time for filing the return had expired); *see also Guy*, 978 F.2d at 937–38; *Ladden*, 38 T.C. at 534–35. Because the separate returns are invalid, Ms. Coggin cannot show that the taxes assessed in those returns are correct. And she has made no attempt to show that the joint returns that Mr. Coggin filed overstated their joint tax liability. As she has not shown that the amount of the tax that the IRS assessed is incorrect, the Court will grant the defendant's motion for summary judgment of Ms. Coggin's claims for a refund for the 2002 through 2007 tax years.

### III. Tax Year 2001

Ms. Coggin has abandoned her claims to a refund for the 2001 tax year. *See* Doc. 49 at 10; Doc. 48 at 13. For this reason, the Court will grant the defendant's motion for summary judgment on Count V, which seeks a refund for the 2001 tax year.

### IV. The Defendant's Counterclaim

The United States has filed a counterclaim for unpaid taxes, penalties, and interest. The defendant has not moved for summary judgment as to its counterclaims.

It is **ORDERED** that the United States' motion for summary judgment, Doc. 47, is **GRANTED** and the plaintiff's claims are dismissed. The defendant's counterclaims will proceed to trial.

This the 17th day of July, 2018.

UNITED STATES DISTRICT JUDGE